STUART M. REDFEARN V. STATE

No. 31,746. March 23, 1960

Robert C. Benavides, Dallas, for appellant.

Henry Wade, Criminal District Attorney, William D. Cox, Jr., Sam S. Stollenwerck, Phil Burleson, Assistants Criminal

District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

Upon a plea of not guilty before the court after a waiver of trial by jury, the appellant, Stuart M. Redfearn, was convicted of driving while intoxicated and his punishment assessed at 3 days in jail and a fine of $150.

Appellant relies solely for a reversal on the insufficiency of the evidence to support the conviction.

Edward M. Hicks testified that shortly after midnight while he was stopped in his Plymouth at a red traffic light, it was struck in the rear by another car and at that time he was unable to identify the driver. While testifying the witness Hicks identified a man in the court room as the man the officers placed in the police car at the scene, and also as being the same man who came to his home, told him his name was Redfearn, and that "he was the man involved in the accident with me" and paid him (Hicks) $20 for damages to his car.

Henry W. Grubbs testified that after a 1959 Chevrolet with four passengers in it passed him at about 50-55 miles per hour, it began skidding and then struck the rear of a car which was stopped facing a red traffic light. The driver got out of the Chevrolet as he (Grubbs) arrived at the scene, and "this is the only man who got out of the car", and it is "the first time I've seen the man since that accident"; that the man he pointed out to the court was to the best of his knowledge "the man who got out of the driver's seat of the car at the intersection", but he did not know his name.

Officer Henley testified that he investigated the collision between the Chevrolet and the Plymouth, and that R. L. Bates and Stuart M. Redfearn were the only occupants of the Chevrolet when he arrived, and that Bates told him while he (Bates) and Redfearn were "right together" that Stuart Redfearn was driving and he "didn't realize they were going to have an accident until it occurred"; that Redfearn at the scene told him that his name was Stuart M. Redfearn and that he was the owner of the Chevrolet. He further testified that he observed Stuart M. Redfearn at the scene of the collision, heard him talk, saw him walk and smelled the odor of alcohol on his breath,

and expressed the opinion that he was intoxicated. While testifying Officer Henley identified and described a man in the court room as being Redfearn.

Officer Luna, who also investigated the collision, while testifying gave substantially the same testimony as that of Officer Henley.

The testimony shows that the Chevrolet involved in the collision with the Plymouth was being operated immediately before the collision upon a public street.

Appellant did not testify or offer any testimony in his behalf.

The evidence is sufficient to warrant the jury's finding that the appellant while intoxicated drove an automobile upon a public highway as alleged.

The judgment is affirmed.

Opinion approved by the Court.